NATIONAL EQUITY DISCOUNT & LOAN CO., APPELLANT, *v.*
JACKSON, APPELLEE.

(No. 5730—Decided October 8, 1957.)

*Mr. Howard C. Bronner* and *Mr. Anthony R. Zingarelli,* for appellant.

*Messrs. Barkin, Brown & Crites* and *Mr. Robert Herron,* for appellee.

PETREE, P. J. This is an appeal on questions of law from the Municipal Court of Columbus. The plaintiff, appellant herein, procured a judgment by confession in the Municipal Court on January 24, 1957, upon a cognovit note. Said judgment was in the amount of $348.45, with interest at six per cent from January 22, 1957.

On February 11, 1957, a Judge of the Municipal Court sustained a motion to vacate the judgment theretofore rendered, and the case came on for trial on the petition and answer of the defendant, appellee herein. On April 11, 1957, judgment was granted the plaintiff in the amount of $150, with interest and costs.

Judge Holden, who made the finding and rendered the judgment of April 11 after the hearing, entered findings of fact and conclusions of law on the same day he entered judgment. The findings of fact and conclusions of law are as follows:

*"Findings of Fact*

"Defendant made arrangements to purchase an automobile from Quality Motors. This car was to be financed through American Loan and Finance Company in the amount of $840, and the balance of $348.45 to the Quality Motors secured by a note. This note was discounted by the National Equity Discount and Loan Company for $150, the plaintiff in this case.

"1. Defendant claims no delivery of the car.

"2. Defective warranty on part of Quality Motors to plaintiff.

"3. That Quality Motors is an agent of plaintiff.

"4. That plaintiff is not a holder in due course.

"The court finds that delivery was made but defendant refused to take automobile because of hub caps, and the automobile is still on the lot of Quality Motors.

"Certificate of Title is in name of defendant.

"The court finds no defect in the warranty of the Quality Motors to plaintiff.

"The court finds that the Quality Motors is not the agent of the plaintiff.

"The court finds the plaintiff is a holder in due course for value.

*"Conclusions of Law*

"Because of the findings of fact, as a matter of law plaintiff is entitled to recover.

"The court finds for plaintiff in the amount of $150, with interest and costs.

"(See R. C. Section 1901.18 [c].)"

Since the lower court found against the defendant on all four questions of fact, it is apparent that the conclusions of law are inconsistent with the court's findings of fact. A holder in due course of a promissory note purchased before maturity is entitled to collect the full amount due on the instrument, subject to defenses which the maker had against the payee of which he, the holder, had knowledge prior to the time of pur-

chase. In this case the trial court found no defenses available to the maker even against the original payee, Quality Motors.

We conclude, therefore, that the first assignment of error is well taken and that the "conclusions of law" are inconsistent with the trial court's finding of fact. To hold otherwise would be not only unjust, but would subject the law to great confusion and uncertainty. If one purchases a bond at 60 per cent of its face value, it would hardly be said that he could collect only the amount he paid for the bond. The one who issued the bond is liable for its face value.

Assignments of error No. 2 and No. 3 are well taken, but in view of the court's holding on assignment of error No. 1, it will be unnecessary to discuss them in this opinion.

It is clear that the plaintiff is entitled to collect the full amount of the note, and the trial court should have entered judgment in the amount of $348.45, with six per cent interest from January 22, 1957, and costs, which was the amount of its original judgment before the same was set aside.

The judgment of the trial court is reversed, and this court enters judgment for the amount which should have been entered by the trial court, namely, for $348.45, with interest at six per cent from January 22, 1957, and costs.

*Judgment reversed.*

BRYANT and MILLER, JJ., concur.